## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA LEAH GAVIN** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| **TRANS UNION LLC, EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.,** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC, and SELECT** | ) | |
| **PORTFOLIO SERVICING, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by individual consumer, Barbara Leah Gavin, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the FCRA").

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Barbara Leah Gavin is an adult individual residing in Pasadena, MD.

5.      Defendant, Trans Union LLC ("Trans Union"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.     Defendant, Equifax Information Services LLC ("Equifax"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

7.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 475 Anton Blvd. Costa Mesa, CA 92626.

8.     Defendant, Select Portfolio Servicing, Inc. ("Select Portfolio"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 3217 Decker Lake Drive, West Valley City, UT 84119.

## FACTUAL ALLEGATIONS

9.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10.    The inaccurate information includes, but is not limited to, a mortgage with Defendant Select Portfolio.

11.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a mortgage that was discharged in a bankruptcy in 2014 but is reporting as an open account with an outstanding balance.

12.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least 2015 to through the present.

13.     Plaintiff has disputed the inaccurate information with Defendants by written communications to their representatives and by following Trans Union, Equifax, and Experian's established procedures for disputing consumer credit information.

14.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax, and Experian from 2015 through the present.

15.     Notwithstanding Plaintiff's efforts, Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Experian, and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union, Equifax, and Experian have repeatedly published and disseminated consumer reports to such third parties from at least 2015 through the present.

16.     Despite Plaintiff's efforts, Trans Union, Equifax, and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; or (5) performed any handwriting analysis.

17.     Notwithstanding Plaintiff's disputes, Select Portfolio has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies and has failed to mark the above accounts as disputed.

3

18.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

20.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION, EQUIFAX, AND EXPERIAN VIOLATIONS OF THE FCRA

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24.     At all times pertinent hereto, Plaintiff was "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681(i).

27.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – SELECT PORTFOLIO
## VIOLATIONS OF THE FCRA

28.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.     At all times pertinent hereto Select Portfolio was a "person" as that term is defined by U.S.C. § 1681a(b).

30.     Select Portfolio violated §§ 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31.     Select Portfolio's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Select Portfolio is liable to compensate Plaintiff for the

full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: January 12, 2017

6